Dr. Ronald B. LONESOME, Petitioner,

v.

Stanley R. RESOR, Secretary of the Army et al., Respondents.

No. 71 Civ. 72.

United States District Court, S. D. New York.

June 2, 1971.

Lefcourt, Garfinkle, Crain, Cohn, Sandler, Lefcourt, Kraft & Stolar, New York City, for petitioner; Frederick H Cohn, New York City, of counsel.

Whitney North Seymour, Jr., U. S. Atty. S. D. N. Y., for respondents; John F. McHugh, New York City, of counsel.

MEMORANDUM

TENNEY, District Judge.

Petitioner and respondents herein cross-move for summary judgment in an action seeking a writ of mandamus to compel respondents to comply with Army Regulations, more specifically Department of Defense Directive (D.O.D.) 1300.6, relating to conscientious objectors.

Petitioner is a first lieutenant in the United States Army Reserve currently enrolled in the Berry Plan, and is employed as a psychiatric resident at the New York State Psychiatric Institute, 722 West 168th Street, New York, N. Y.

On July 23, 1970, the petitioner received orders for activation which directed him to report for active duty at Fort Sam Houston, Texas, on January 11, 1971.

On August 1, 1970, Army Regulation (AR) 135–25 became effective relating to the "Disposition of Conscientious Objectors" in the Army National Guard and Reserve.

On November 1, 1970, petitioner sent to the Chief of Delayed Officer Management Division, Department of the Army, United States Army Reserve Components Personnel Center, Fort Benjamin Harrison, Indianapolis, Indiana, a letter requesting the commencement of procedures for discharge as a conscientious objector.

Pursuant to that request, and by letter dated November 20, 1970, petitioner received a copy of AR 135–25 which contains the questions to which the Army

requires answers in order to make its determination.

AR 135–25(8) (a) provides as follows:

"a. Normally a minimum period of 90 days is required to finalize the processing of an application submitted in accordance with this regulation. The submission of an application for discharge by reason of conscientious objection subsequent to the date the individual's orders are published announcing reporting date for active duty or active duty for training is *not* a basis for delay in reporting for designated duty. In the event an individual is ordered to report to active duty or active duty for training while a request for discharge under this regulation is being processed, and the individual is advised that final action cannot be made prior to his reporting date for duty, the individual will be required to comply with his orders. In such instance, his application will be forwarded to the appropriate Active Army commander for processing."

Thereafter, on December 18, 1970, petitioner sent in his formal application for discharge as a conscientious objector to the Chief of the Delayed Officer Management Division at Fort Benjamin Harrison, which was received less than two weeks prior to the January 11th reporting date.

This matter was brought on by order to show cause on January 7, 1971, at which time a temporary restraining order was issued by this court and subsequently extended until January 27, 1971, on which date Judge John M. Cannella, by endorsement, granted a preliminary injunction enjoining respondents from placing the petitioner on active duty until such time as his application for conscientious objector discharge were finally determined. Pursuant to such endorsement, an order of Judge Cannella was duly entered and filed February 3, 1971.

AR 135–25(a) quoted above provides in effect that applications by reserve officers for discharge due to conscientious objection must be submitted at least 90 days prior to the effective date of activation orders or the applicant will be required to comply with those orders. Although this regulation was lawfully promulgated and is clearly valid, the contention is made that this 90-day period, during which such application will presumably not delay activation, is a hiatus period and as such is in conflict with the Department of Defense Directive (D.O.D.) 1300.6, which grants the right to discharge to conscientious objectors who are in the Armed Services. However, it appears that the regulation creates no hiatus period and that applications will be received and processed by the Army during the entire 90-day period referred to in the regulation with the exception of a short period of inactivity necessitated by the transfer of the applicant's file to his active duty station. A similar hiatus period of short duration necessitated by the transfer of personal files with respect to a member of the Armed Services on active duty but between duty assignments has been held to be in full compliance with D.O.D. 1300.6. Switkes v. Laird, 316 F.Supp. 358 (S.D.N.Y.1970).

Subsequent to the order of Judge Cannella and on April 21, 1971, in Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625 (1971) (a case involving a *draftee* who had filed his conscientious objection claim after receiving his induction notice), the Supreme Court upheld a regulation which provided that the classification of a registrant should not be reopened after the local board had mailed to such registrant an order to report for induction absent a change in the registrant's status resulting from circumstances over which the registrant had no control. In that case, the Court accepted the Government's interpretation that the crystallization of a conscientious objection claim was not a change in the registrant's status resulting from circumstances over which the registrant had no control.

**861**

The Court specifically held that "requiring those whose conscientious objection has not crystallized until after their induction notices to present their claims after induction would work no deprivation of statutory rights, so long as the claimants were not subjected to combatant training or service until their claims had been acted upon." Ehlert v. United States, *supra*, 402 U.S. at 103, 91 S.Ct. at 1323.

Thereafter and on May 19, 1971, the United States Court of Appeals for this Circuit, in Spencer v. Laird, 442 F.2d 904 (1971), a case which except for the distinction hereinafter noted is on all fours with the present case, held that AR 135–25 was valid. The Court pointed out that that regulation was less onerous in some ways than the regulation at issue in *Ehlert, supra,* since AR 135–25 normally permits the reservist who receives his orders 90 days prior to his reporting date to have his claim adjudicated before going on active duty, while the regulation in *Ehlert, supra,* prohibits pre-induction review no matter how long the period between notice and reporting date.

Petitioner makes the additional argument that he is excepted from the effect of Regulation 135–25(8) (a) since he received his orders prior to August 1, 1970. In Spencer v. Laird, *supra,* the orders were received after the effective date of Regulation 135–25(8). However, the regulation is not one affecting orders to active duty but rather affecting the assertion of claims to conscientious objector status. Accordingly, the applicable regulation would be that in effect at the time the claim was asserted or, at the earliest, the date when respondents are made aware of the claimed change in status. Certainly respondents are under no obligation to inquire of all reserve officers at the time they are ordered to active duty whether they are conscientious objectors and, if so, to advise them of the governing time limits and procedures. To argue that had petitioner known it would take 90 days to process his claim he would have asserted it before he did can only cast doubt on the sincerity of his claim. Assuming the good faith of petitioner, and assuming further that he did not know of the regulations until the response to his letter of November 1, 1970, this was not the fault of respondents, but due to the fact that his claim did not crystallize until November. Furthermore, he made no formal assertion of the claim until late in December on the eve of the date fixed for active duty. The regulation certainly contemplates that claims will be made too late for processing prior to active duty status, and this is such a case. The regulation (AR) 135–25(2) (a) applies to all reserve members of the Army, no exception being made for those who received orders to active duty prior to its effective date. We are dealing with a "reasonable timeliness" rule which has been found to work no deprivation of statutory rights and which applies to petitioner.

Accordingly, the preliminary injunction is dissolved, the petition for a writ of mandamous is dismissed on the merits, and respondents are directed to submit an order on notice fixing the date for petitioner to report for active duty.

So ordered.